**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                                    :
JOHN E. CHEN,                       :
                                    :   Civil Action No. 07-2183 (RBK)
            Petitioner,             :
                                    :
        v.                          :        O P I N I O N
                                    :
CHARLES E. SAMUELS,                 :
                                    :
            Respondent.             :
_____:
```

**APPEARANCES:**

John E. Chen, <u>Pro</u> <u>Se</u>
#59511-053
Federal Correctional Instutition
P.O. Box 2000/ East
Fort Dix, NJ 08640

John Andrew Ruymann, AUSA
Office of the U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608
Attorney for Respondent

**KUGLER, District Judge**

   This matter comes before the Court on Petitioner's filing of two motions for preliminary injunction (docket entries 8 and 11). Respondent has filed opposition to the motions (docket entry 13). For the following reasons, Petitioner's motions will be denied.

                              **BACKGROUND**

   In May of 2007, Petitioner, a federal prisoner confined at the Federal Correctional Institution ("FCI") at Fort Dix, New

Jersey, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  Petitioner had been a participant in the Residential Drug Abuse Treatment Program ("RDAP") at Fort Dix, and had been expelled from the program.[1]  The habeas petition requested that the Court order him reinstated to the program, and argued that Petitioner was expelled without proper reason and without due process.

On June 4, 2007, this Court ordered Respondent to answer the claims of the petition.  On July 3, 2007, prior to Respondent filing an answer to the petition, Petitioner filed a Motion for a Preliminary Injunction.  Petitioner argued in the motion that he had been reinstated to RDAP; however, he was not given credit for the time he had previously spent in RDAP before being improperly

---

[1]  In 1990, Congress charged the Bureau of Prisons ("BOP") with making available "appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  To carry out that requirement, as part of the 1994 Violent Crime Control and Law Enforcement Act, Congress amended § 3621 to require the BOP, subject to the availability of appropriations, to provide residential substance abuse treatment for all "eligible" prisoners.  See 18 U.S.C. § 3621(e)(1)(C).  An "eligible" prisoner is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program."  18 U.S.C. § 3621(e)(5)(B)(i) and (ii).  As an incentive for successful completion of the residential treatment program, the period of time a prisoner convicted of a nonviolent offense remains in custody after successfully completing such a treatment program may be reduced up to one year by the BOP.  See 18 U.S.C. § 3621(e)(2).

2

expelled.  He asked the Court to order the BOP to issue him proper credit.

On July 18, 2007, Respondent filed a letter asking this Court to vacate the Order to Answer.  Respondent argued that because Petitioner had been reinstated to RDAP, which was his sole request for relief in his habeas petition, that the petition should be dismissed as moot, and requested that the return date for the motion be extended.

On July 19, 2007, Petitioner filed his second Motion for Preliminary Injunction.  In his second motion, Petitioner argued that he would complete RDAP on April 4, 2008, and was not eligible for halfway house placement until April 21, 2008; thus, the time between these two events should be subject to a sentence reduction.

On July 23, 2007, this Court dismissed Petitioner's habeas petition as moot, and extended the return date on the motions for preliminary injunction.  Respondent filed opposition to the motions on August 2, 2007, arguing that Petitioner had not met the requirements to secure a preliminary injunction on either issue raised in either motion.  On that same date, Petitioner filed a letter replying to Respondent's letter of July 18, 2007.  Neither party has filed anything further with the Court.

**DISCUSSION**

Four factors must be considered by a district court in deciding whether or not to issue a preliminary injunction: "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999)(citing American Civil Liberties Union of New Jersey v. Black Horse Pike Regional Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996)(en banc); Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997)). "A district court should endeavor to 'balance[ ] these four ... factors to determine if an injunction should issue.'" Id. (citing American Civil Liberties Union of New Jersey, 84 F.3d at 1477 n.2).

This Court finds, for the following reasons, that these factors do not support Petitioner's request for an injunction on either issue.

**A.   Reasonable Probability of Success on Merits**

Petitioner argues that he should be awarded credit for time spent in RDAP prior to being expelled, especially since the expulsion was "wrong," in his opinion. Petitioner cites as proof

that he was wrongfully expelled the fact that he was reinstated into the program.  He does not feel that it is "right" for him to be wrongfully expelled, and then have to start over without credit for time he has already spent in the program.

Respondent argues that the fact that Petitioner was reinstated to the program does not provide proof that he was wrongfully expelled in the first place.  Respondent provides the Declaration of Ben Quick, Ph. D., the Drug Abuse Program Coordinator at Fort Dix, who decided to readmit Petitioner to RDAP.  Dr. Quick states: "My decision to readmit petitioner into the program did not mean that I had determined the decision to expel petitioner had been wrong or was without support." (Declaration of Ben Quick, Ph. D. ("Quick Declaration"), ¶ 5).

First, this Court notes that Petitioner does not have a liberty interest in a reduction of his sentence under 18 U.S.C. § 3621(e).  See Magnin v. Beeler, 110 F. Supp.2d 338, 340 n.2 (D.N.J. 2000).

Further, Respondent notes that BOP Program Statement 5330.10, governing RDAP, states: "Inmates who withdraw or are expelled by staff from a residential drug abuse treatment program may apply for readmission through a Request to Staff Member. ... If readmitted to the same or to a different residential drug abuse treatment program, the inmate shall not be given any credit

for prior treatment participation."  BOP P.S. 5330.10, Chap. 5, Pg. 7.

As to Petitioner's claim that he is entitled to a sentence reduction for the time period between completion of the RDAP and his admittance into a halfway house, Respondent argues Petitioner misreads 18 U.S.C. § 3621(e).  Dr. Quick's Declaration explains that: "<u>Once an inmate completes the six months in the halfway house</u>, as part of the RDAP, he is eligible for a sentence reduction of up to one year pursuant to 18 U.S.C. § 3621(e)."  (Quick Declaration, ¶ 9 (emphasis added)).  Petitioner attempts to secure a sentence reduction for time to be served <u>prior</u> to entering the halfway house.  However, as Dr. Quick explains, "the time period between petitioner's completion of the halfway house requirement and his projected release date of October 16, 2008, is the time eligible for sentence reduction under 18 U.S.C. § 3621(e)."  In Petitioner's case, since his six-month halfway house requirement cannot be completed until early October, Petitioner may be eligible for a sentence reduction that may be less than two weeks.  (Quick Declaration, ¶ 11).[2]

---

[2] <u>See also</u> BOP Program Statement 5330.10, Chapter 5.2.1, setting forth the Program Components to RDAP:

> 5.2.1 Program Components. The entire residential drug abuse treatment program in the Bureau consists of three components.  Successful completion of the residential drug abuse program occurs when the inmate has successfully completed each of these three components:

Having reviewed the statute in question and the Program Statement relied upon by Respondent, this Court finds persuasive Respondent's argument that Petitioner has not demonstrated a reasonable probability of success on the merits of his arguments.

**B.     Irreparable Injury to Petitioner**

Because Petitioner's projected release date, pursuant to a properly-imposed sentence, is October 16, 2008, and that date has not been extended or otherwise changed to harm Petitioner, Petitioner has not demonstrated irreparable injury for being expelled from RDAP in the first place, and for not being able to take advantage of a possibly longer sentence reduction, had he completed RDAP the first time around.  Petitioner has no right to a reduced term of imprisonment due to successfully completing RDAP.  See Lopez v. Davis, 531 U.S. 230, 241 (2001)(stating that "[w]hen an eligible prisoner successfully completes drug

---

* the unit-based residential program lasting between six-to-12 months (minimum 500 hours);
* the institution transition phase, which requires participation for a minimum of one hour a month over a period of 12 months after successfully completing the unit-based program (however, if an inmate is scheduled for a transfer to a community based program before he or she can begin or complete the institution transitional services component, this component is not required); and
* the community transitional services, lasting up to six months when the inmate is transferred to a community corrections center or to home confinement.

See P.S. 5330.10, Chap. 5, Pg. 1.

treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"); see also Kotz v. Lappin, 515 F. Supp.2d 143, 152 (D.D.C. 2007)(finding that in case of Petitioner seeking injunctive relief for denial of entry into RDAP, "[w]ithout showing that his incarceration is wrongful, the court is loathe to declare that the plaintiff would suffer [irreparable injury] by serving the remainder of a properly-imposed sentence.  Although the plaintiff does, indeed, face a sympathetic set of circumstances, he simply has not made a sufficient showing of irreparable injury to overcome for his failure to demonstrate a substantial likelihood of success on the merits").  Here, Petitioner has not demonstrated that he would be irreparably injured by serving out his full term, if that be the case, especially in light of the fact that he has not demonstrated a reasonable probability of success on the merits.

**C.    Harm to Nonmoving Party and Public Interest**

Neither party argues than any nonmoving party would be harmed by issuing the injunction.  However, the Court finds that it is not in the public interest to grant the motions, as it is long established that prison officials should have significant discretion in operating prisons.  See, e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003)(noting "[w]e must accord substantial deference to the professional judgment of prison administrators,

who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them"); Meachum v. Fano, 427 U.S. 215, 228-29 (1976)(stating that, "day-to-day functioning of state prisons" and "discretionary decisions" are "not the business of federal judges"); Kotz, 515 F. Supp.2d at 152 (noting that although "[t]he public certainly has an interest in the judiciary intervening when prisoners raise allegations of constitutional violations," courts "must and do recognize the primacy of the legislative and executive authorities in the administration of prisons" and are "ever cautioned to stay out of the business of micro-managing prisons" (internal citations omitted)).  Thus, in this case, because Petitioner has not demonstrated a reasonable probability of success on the merits, this Court finds that it is not in the public interest to grant his motions.

## CONCLUSION

Based on the foregoing, this Court finds that a balancing of the factors considered to grant injunctive relief weigh in favor of denying Petitioner's motions.

An appropriate Order accompanies this Opinion.


                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

Dated: February 13, 2008